IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00820-BNB

ANDY LY,

      Plaintiff,

v.

JOE ORTIZ, Executive Director of the Colorado Dept. of Corrections, et al.,

      Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER TO AMEND COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Andy Ly is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Ly has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Ly seeks money damages.

The Court must construe the Complaint liberally, because Mr. Ly is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ly will be ordered to amend and assert personal participation by properly named defendants and to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.

Mr. Ly must assert clearly personal participation by a named defendant in the alleged constitutional violations. Personal participation is an essential allegation in a

civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To

establish personal participation, a plaintiff must show that each defendant caused the

deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise.  *See Butler v. City

of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Joe Ortiz,

DOC executive director, may not be held liable merely because of his supervisory

position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v.

Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with

respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  This "exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534

U.S. 516, 532 (2002).

Mr. Ly is a prisoner confined in a correctional facility.  He claims in this action

that Defendants have been deliberately indifferent to his medical needs.  Because the

issues Mr. Ly raises in the Complaint relate to prison conditions, he must exhaust the

available administrative remedies.

Section 1997e(a) also "imposes a pleading requirement on the prisoner."  *Steele

v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the

burden of pleading exhaustion of administrative remedies, Mr. Ly must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

In response to Question One under Section "F. Administrative Relief," on Page Seven of the Complaint form, Mr. Ly states that there is a grievance procedure at the institution where he is confined.  In response to Question Two under the same section, Plaintiff states that "[He] feels that he did exhaust all remedies, and strongly feels that because the persons handling grievances, etc., all work for Dept. of Corrections, so there is an obvious conflict of intrests [sic]."

Simply because Mr. Ly believes there is a conflict of interest with the individuals who oversee the DOC grievance procedure does not establish a basis for the Court to find that he has exhausted his administrative remedies or is exempted from exhausting the remedies.  Mr. Ly must describe with specificity either how he exhausted his remedies or how he attempted to exhaust administrative remedies pursuant to the DOC inmate grievance procedure and was denied the ability to do so because of the alleged conflict of interest.

Therefore, Mr. Ly will be ordered to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.  Mr. Ly is advised that § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).  If Mr. Ly has not exhausted administrative remedies for all of the claims he raises in this action, the entire Complaint must be dismissed.  Accordingly, it is

ORDERED that Mr. Ly file **within thirty days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order and that shows cause why the Amended Complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Ly, together with a copy of this Order, two copies of a current Court-approved Prisoner Complaint form for use in submitting the Amended Complaint.  It is

FURTHER ORDERED that Mr. Ly submit sufficient copies of the Amended Complaint to serve each named defendant.  It is

FURTHER ORDERED that if Mr. Ly fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED June 30, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00820-BNB

Andy Ly
Reg. No. 122709
CMRC
2925 E. Las Vegas
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _6/30/06_

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk