IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00820-BNB

ANDY LY,

Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
DOUGLAS PEARSON, Dentist, Ft. Lyon C.F., and
MEDICAL DEPT. FORT LYON, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Andy Ly currently resides in Denver, Colorado. Mr. Ly has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that during the time he was incarcerated at the Colorado Department of Corrections he was denied proper medical and dental treatment. He further asserts that as a result he continues to suffer intolerable pain, is limited in what he is able to eat, and has stomach problems and complications. Plaintiff seeks money damages. It appears that Plaintiff has exhausted his administrative remedies.

The Court must construe the Complaint liberally because Mr. Ly is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

The case and the claims alleged against Defendants Joe Ortiz and Douglas Pearson will be drawn to a district judge and to a magistrate judge.

Defendant Medical Dept. Fort Lyon is not a properly named party to the action. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Accordingly, it is

ORDERED that Defendant Medical Dept. Fort Lyon is dismissed as a party to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant Medical Dept. Fort Lyon from the docket as a party to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Joe Ortiz and Douglas Pearson shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15 day of Sept., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00820-BNB

Andy Ly
7560 E. Harvard Ave, Apt #207
Denver, CO 80231

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/15/06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk